**TRANSIT AUTHORITY OF RIVER CITY and Dalton Holt, Appellants**

v.

**Adam BIBELHAUSER and Federal Insurance Company, Appellees.**

No. 2011–CA–002039–MR.

Court of Appeals of Kentucky.

Sept. 27, 2013.

Discretionary Review Denied by Supreme Court June 11, 2014.

R. Allen Button, R. Thad Keal, Prospect, KY, for Appellants.

Douglass Farnsley, Bethany A. Breetz, Julie M. McDonnell, Louisville, KY, for Appellee Adam Bibelhauser.

Roberta K. Kiser, Lexington, KY, for Appellee Federal Insurance Co.

Before CLAYTON, COMBS, and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Transit Authority of River City ("TARC") and Dalton Holt appeal from the Jefferson Circuit Court order denying TARC's motion for partial summary judgment. The issue before us is whether TARC enjoys immunity from the underlying negligence action filed by Adam Bibelhauser to recover injuries he sustained after being struck by a TARC bus that was operated by Holt.[1] For the following reasons, we agree with the trial court that TARC is not immune from suit and affirm its order denying TARC's motion for summary judgment.

On September 8, 2008, Holt, while operating a TARC bus, collided with Bibelhauser in the crosswalk at the intersection of Fourth and Market Streets in Louisville, Kentucky. Bibelhauser filed suit against Holt, in his individual capacity, and against TARC. Bibelhauser alleged that TARC was negligent in its hiring, training, supervision, and retention of Holt as its employee. TARC claimed immunity and moved for summary judgment, which the trial court denied. This appeal followed.

Summary judgment shall be granted only if "the pleadings, depositions, answers

---

1. Federal Insurance Company ("FIC") adopts the arguments asserted by Bibelhauser on appeal. FIC provided workers' compensation insurance for the employer of Bibelhauser on the day of the accident and has paid workers' compensation benefits to Bibelhauser and/or on behalf of Bibelhauser. FIC intervened in the underlying action initiated by Bibelhauser as plaintiff against TARC and Holt.

to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR [2] 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky.1991). Further, "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* at 482.

On appeal from a grant of summary judgment, our standard of review is " 'whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law.' " *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky.App.2001) (quoting *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996)). We review the trial court's legal conclusions *de novo. Hallahan v. Courier–Journal*, 138 S.W.3d 699, 705 (Ky.App.2004).

■ TARC claims immunity from suit under two related doctrines: sovereign immunity and governmental immunity. Sovereign immunity affords the state absolute immunity from suit and "extends to public officials sued in their representative (official) capacities, when the state is the real party against which relief in such cases is sought." *Yanero v. Davis*, 65 S.W.3d 510, 517–18 (Ky.2001). Governmental immunity is granted to agencies that have been established by an immune entity and that perform a " 'function integral to state government.' " *Comair, Inc. v. Lexington–Fayette Urban County Airport Corp.*, 295

S.W.3d 91, 98 (Ky.2009) (quoting *Ky. Ctr. for the Arts v. Berns*, 801 S.W.2d 327, 332 (Ky.1990)).

■ TARC is not entitled to either sovereign or governmental immunity. TARC claims sovereign immunity by virtue of KRS [3] 67C.101(2)(e) and KRS 96A.020(1). KRS 67C.101(2)(e) accords a consolidated local government, such as Louisville Metro, the same sovereign immunity accorded to counties, their agencies, officers, and employees. *See Jewish Hosp. Healthcare Servs., Inc. v. Louisville/Jefferson County Metro. Gov't*, 270 S.W.3d 904, 907 (Ky.App. 2008) (Louisville Metro is entitled to sovereign immunity). KRS 96A.020 addresses a transit authority's creation and existence and provides, in relevant part:

(1) A transit authority may be created and established under the provisions of this chapter ... and the name thereof shall be "Transit Authority of...." If established by a city alone, or by a county alone, the name shall be completed by identification of the city or county.... Such transit authority shall constitute an agency and instrumentality for accomplishing essential governmental functions of the public body or public bodies creating and establishing the same, and shall be a political subdivision and a public body corporate, with power to ... sue and be sued ... and to have and exercise, generally, all of the powers of private corporations.... An authority shall be authorized to promote and develop mass transportation in its transit area and adjoining areas[.]

These statutes do not afford TARC sovereign immunity. KRS 96A.020(1) clearly states that TARC is "a public body corporate" with the power "to sue and be sued"

---

**2.** Kentucky Rules of Civil Procedure.

**3.** Kentucky Revised Statutes.

and "to have and exercise, generally, all of the powers of private corporations . . . ." In *Gross v. Ky. Bd. of Managers,* 105 Ky. 840, 845, 49 S.W. 458, 459 (1899), the court addressed a similar issue and held that, while the Kentucky Board of Managers was an agency of the state, the Board was also vested with corporate powers to make contracts and to sue and be sued. In its corporate capacity, the Kentucky Board of Managers could be sued for its corporate acts, just like any other corporation, and its contracts were its obligation, not that of the state. *Id.* As in *Gross,* TARC's authority is more corporate than governmental. Thus, its actions are not cloaked in sovereign immunity.[4]

TARC is also not entitled to governmental immunity. In *Comair,* the Kentucky Supreme Court set forth a two-part test for determining whether an entity is entitled to governmental immunity. *Comair,* 295 S.W.3d at 99. First, the court is to examine the origin, or "parent," of the entity to determine if the entity is an agency (or alter ego) of a clearly immune parent. *Id.* Second, the court is to assess whether the entity performs a "function integral to state government." *Id.* For the latter determination, the court is to consider the balance of the entity's functions, not just the particular action at issue in the case. *See id.* at 98 (viewing the entity's functions as a whole); *N. Ky. Area Planning Comm'n v. Cloyd,* 332 S.W.3d 91, 95–96 (Ky.App.2010) (assessing the balance of the entity's activities).

If the entity satisfies both prongs of the test, then the entity is totally immune from tort liability. If not, then the entity is subject to suit. *See Stanford v. U.S.,* 948 F.Supp.2d 729, 736 (E.D.Ky.2013) (citing *Sanitation Dist. No. 1 v. McCord Plaintiffs,* No. 2011–CA–000819–MR, 2013 WL 275602, at *2 (Ky.App. Jan. 25, 2013) (if either prong is absent, then the entity enjoys no immunity)).

■■■■ TARC satisfies the first prong in that the evidence shows that TARC is an agency of the consolidated Louisville Metro, which is an entity immune from suit. *Jewish Hosp. Healthcare Servs.,* 270 S.W.3d at 907. However, TARC fails to satisfy the second prong, which requires that TARC show that it carries out a "function integral to state government." *Comair,* 295 S.W.3d at 99. This showing is two-fold. First, TARC must show that it addresses "state level governmental concerns that are common to all of the citizens of this state . . . ." *Id.* Serving "purely local" concerns is insufficient. *Id.* Second, TARC must show that it serves a function that is "integral" to addressing that state level concern. *Id.* at 101. To qualify as "integral," TARC's actions "must be necessary, an essential part of carrying out that state-level government function." *Stanford,* 948 F.Supp.2d at 737 (internal quotation marks omitted). In other words, without TARC performing its function, the state-level concern would not be fully addressed. *Id.* at 739.

The record shows that TARC engages in a quintessentially local proprietary ven-

---

4. The cases TARC cites in support of its sovereign immunity claim involve plaintiffs who sued the actual county or urban county government and elected officials. *See, e.g., Lexington–Fayette Urban County Gov't v. Smolcic,* 142 S.W.3d 128 (Ky.2004) (plaintiff sued LFUCG, the consolidated government); *Schwindel v. Meade County,* 113 S.W.3d 159 (Ky.2003) (plaintiffs sued Meade County, in addition to elected county officials); *St. Mat-* *thews Fire Prot. Dist. v. Aubrey,* 304 S.W.3d 56 (Ky.App.2009) (plaintiff sued various county officials, including the sheriff, county clerk, and PVA). Here, Bibelhauser did not sue Louisville Metro, or Holt, in his official capacity. Therefore, these cases are not persuasive to resolving the issue before us because they do not discuss the potential application of sovereign immunity to transit authorities such as TARC.

ture, i.e., providing transportation services, just like other for-profit taxi and bus services in the Louisville Metro area. In *Comair*, the Court distinguished between the providing of transportation services and the providing of transportation infrastructure, and held that the Lexington–Fayette Urban County Airport Board "exists solely to provide and maintain part of the Commonwealth's air transportation infrastructure (i.e., the airport)" which is a function "integral to state government...." *Comair*, 295 S.W.3d at 101. In so ruling, the Court considered the Airport Board's power to legislate and issue revenue bonds, which the Court found to be core functions of government. *Id.* at 101–02. The Court also considered the fact that the Airport Board "does not actually provide transportation services, for example, by operating an airplane to transport people. Instead, it provides the runways, terminals, and other infrastructure that private airline companies like Comair use (admittedly for a fee) to provide those transportation services." *Id.* at 101.

Here, TARC simply provides transportation services to the Louisville Metro area. It does not provide a transportation infrastructure, facilitate state-wide transit, legislate, administrate, or otherwise predominately serve state-level concerns or carry out functions "integral to state government." Its services are truly local and proprietary in nature. Thus, TARC has failed to meet the second prong of the *Comair* test and the trial court properly denied its motion for summary judgment on grounds of immunity.

The order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.