LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT,
Appellant

v.

Carla COWAN and Billy
Cowan, Appellees

NO. 2015-CA-000600-MR

Court of Appeals of Kentucky.

SEPTEMBER 23, 2016; 10:00 A.M.

Discretionary Review Denied by Supreme
Court February 9, 2017.

BRIEF FOR APPELLANT: B. Frank Radmacher, III, Louisville, Kentucky

BRIEF FOR APPELLEE: Walter H. McGee, Louisville, Kentucky

BEFORE: COMBS, THOMPSON AND VANMETER, JUDGES.

## OPINION

VANMETER, JUDGE:

Louisville/Jefferson County Metro Government d/b/a Metro Parks and Recreation Department ("Louisville Metro") appeals from the Jefferson Circuit Court's order denying its motion for summary judgment on sovereign immunity grounds. For the following reasons, we reverse and remand.

On November 14, 2009, Appellee, Carla Cowan, along with six children, paid for admission to the Mary T. Meagher Aquatic Center, a public pool facility owned and operated by Louisville Metro. While exiting the pool, Carla slipped and tripped on the pool deck, sustaining injuries to her left leg from the pool's gutter drain cover. She asserts that the facility was or should have been aware of the excessive water in that area and failed to take appropriate measures to alleviate the danger which caused her to slip and fall.

Shortly after initiation of this lawsuit, Louisville Metro filed a motion for summary judgment, arguing that Louisville Metro is immune from suit due to sovereign immunity. The trial court denied Louisville Metro's motion, finding that sovereign immunity does not shield the Aquatic Center because a recreational pool facility does not provide a function integral to government as required by *Comair v. Lexington–Fayette Urban Cnty. Airport Corp.*, 295 S.W.3d 91, 99 (Ky.2009). From that order, Louisville Metro appeals.

This court has jurisdiction of interlocutory appeals concerning denial of a defense of sovereign immunity. *Breathitt Cnty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky.2009). Whether public entities are immune from suit is a legal question which an appellate court reviews *de novo*. *Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 475 (Ky.2006).

The only issue in this case is whether the Aquatic Center qualifies for immunity. The parties do not dispute the fact that Louisville Metro is a government entity. *See Lexington–Fayette Urban Cnty. Gov't v. Smolcic*, 142 S.W.3d 128, 132 (Ky.2004) ("urban county governments constitute a new classification of county government . . . entitled to sovereign immunity"); *see also* KRS [1] 67C.101(2)(e) ("A consolidated local government shall be accorded the same sovereign immunity granted counties, their agencies, officers, and employees."). Louisville Metro argues that this fact alone entitles it to absolute immunity, and no further analysis is required. In return, Cowan claims that the trial court properly engaged in the *Comair* two-step analysis and correctly held that Louisville Metro was not entitled to governmental immunity because the Aquatic Center does not provide a function integral to state government.

We agree with Louisville Metro that, as a classification of county government and thus an arm of the Commonwealth entitled to sovereign immunity, the analysis of Louisville Metro's status need not proceed any further. Two separate types of immunity are being confused in this case: sovereign immunity and governmental immunity.

Sovereign immunity affords the state absolute immunity from suit and "extends to public officials sued in their representative (official) capacities, when the state is the real party against which relief in such cases is sought." *Yanero v. Davis*, 65 S.W.3d 510, 517–18 (Ky.2001). Governmental immunity is granted to agencies that have been established by an immune entity and that perform a " 'function integral to state government.' " *Comair, Inc. v. Lexington–Fayette Urban County Airport Corp.*, 295 S.W.3d 91, 98 (Ky.2009) (quoting *Ky. Ctr. for the Arts v. Berns*, 801 S.W.2d 327, 332 (Ky.1990)).

*Transit Auth. of River City v. Bibelhauser*, 432 S.W.3d 171, 173 (Ky.App.2013). Because Louisville Metro is essentially an arm of the Commonwealth, the second step of the two-step test set forth in *Comair* does not need to be applied; Louisville Metro is entitled to sovereign immunity rather than governmental immunity and is thus absolutely immune from suit. Unlike the Transit Authority in *Bibelhauser* and the Airport Board in *Comair*, this case does not involve a separate entity whose connection to state government can be debated; this case involves the metro government itself as the allegedly negligent party. Because a metro government is entitled to sovereign immunity, the trial court erred by refusing to grant Louisville Metro's motion for summary judgment.

The order of the Jefferson Circuit Court is reversed and remanded with instructions to grant Louisville Metro's motion for summary judgment on sovereign immunity grounds.

ALL CONCUR.

---

1. Kentucky Revised Statutes.