RENDERED:  NOVEMBER 12, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0210-MR

JANE DOE V                                                         APPELLANT


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE MARY M. SHAW, JUDGE
                    ACTION NO. 18-CI-001087


LOUISVILLE METRO POLICE
DEPARTMENT AND LOUISVILLE
JEFFERSON COUNTY METRO
GOVERNMENT                                                         APPELLEES



OPINION
AFFIRMING

** ** ** ** **

BEFORE:  LAMBERT, McNEILL, AND TAYLOR, JUDGES.

LAMBERT, JUDGE:  Jane Doe V has appealed from the January 17, 2019, order

granting a motion to dismiss by Louisville Metro Police Department ("LMPD")

and Louisville Jefferson County Metro Government ("Louisville Metro") (collectively, "Metro") on immunity grounds.[1]  We affirm.

The underlying action is one of several filed by different women seeking damages against Metro as well as former LMPD officer Pablo Cano, individually and in his official capacity, as a result of allegations that Cano had sexually abused or raped them while in a position of authority.  In her complaint, filed on February 21, 2018, Jane Doe V alleged that she had been sexually abused and/or raped by Cano in November and/or December 2015, while he was employed by Metro.  By his engaging in rape and sexual misconduct, she alleged that Cano had committed the intentional torts of assault and battery, as well as the intentional infliction of emotional distress.  Jane Doe V alleged that Cano was liable under Kentucky Revised Statutes (KRS) 413.2485 and 510.040(1)(a) as was Metro, as Cano was its employee.  She alleged that Metro had a duty to properly supervise its employees to prevent rape and sexual abuse by officers and to charge them with crimes, and that the offenses resulted from Metro's failure to employ qualified people for positions of authority, to properly train and supervise their conduct, and to promulgate appropriate operating policies and procedures to protect citizens.  Accordingly, Jane Doe V alleged liability on Metro's part for its

---

[1] This panel is also considering the appeals in *Gaeta v. Louisville Metro Police Department and Louisville Jefferson County Metro Government*, Appeal No. 2019-CA-1810-MR, and *Jane Doe v. Louisville/Jefferson County Metro Government*, Appeal No. 2020-CA-0060-MR.

negligent hiring, training, and supervision of Cano. She sought compensatory and punitive damages from Cano and Metro.

Shortly after the complaint was filed, Metro moved to be dismissed from the action for failure to state a claim pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f), on the basis of sovereign immunity for Louisville Metro and because LMPD was not an entity capable of being sued as the proper party was Louisville Metro. A consolidated response for the Jane Doe plaintiffs indicated that they (the plaintiffs) had requested a declaration of rights by the court pursuant to KRS 418.040 regarding whether Metro had a statutory obligation to indemnify Cano for any settlement or judgment. They also raised an issue as to the application of the Claims Against Local Governments Act ("CALGA"), KRS 65.200 *et seq.* In reply, Metro maintained that it had sovereign immunity and that the Jane Doe plaintiffs did not have standing to raise the indemnification issue as Cano was the recipient of protection from CALGA, not the plaintiffs.

Metro renewed its motion to dismiss in the present action in October 2018, and it included a supplemental memorandum with more information about the posture of the pending cases. It again argued that LMPD was not a proper party to the lawsuit and that the claims against Louisville Metro were barred by the doctrine of sovereign immunity. Jane Doe V continued to argue that genuine issues of material fact remained to be decided, that a declaration of a party's rights

was not barred by sovereign immunity, and that Metro's obligation under CALGA was an issue for the court to determine. In reply, Metro pointed out that Jane Doe V had not sought a declaration of rights in her complaint.

The circuit court entered an opinion and order on January 17, 2019, granting Metro's motion to dismiss. The court summarized the parties' respective positions as follows:

> Louisville Metro and LMPD filed the immediate motion arguing this action must be dismissed because the prior enjoys sovereign immunity and the latter is not an entity subject to suit. Jane Doe V responded, arguing immunity does not apply, and if it did, [CALGA], KRS 625.200 *et seq.* prevents dismissal because (1) she asks for a declaration that Louisville Metro must indemnify and pay damages for Mr. Cano if a jury awards damages and (2) [CALGA] abrogates sovereign immunity in this instance.

The court held that Louisville Metro was entitled to sovereign immunity in this case, citing *Schwindel v Meade County*, 113 S.W.3d 159, 163 (Ky. 2003), and *Louisville/Jefferson County Metro Government v. Cowan*, 508 S.W.3d 107, 109 (Ky. App. 2016), and that sovereign immunity extended to allegations of vicarious liability for intentional torts. As to the application of CALGA, the court relied upon the *Schwindel* Court's analysis and conclusion that CALGA's passage did not change the immunity status of counties and expose them to tort liability. The court then held that LMPD enjoyed governmental immunity because it was an agency of Louisville Metro, which was immune from suit. Finally, the court held that Jane

Doe V did not have standing to seek a declaration that Louisville Metro must indemnify Cano for any judgment in her favor as CALGA's provisions address the relationship between the public employee and the governmental employer. Any benefit to Jane Doe V, such as the payment of damages, was incidental to CALGA's benefit to a qualifying employee. This appeal now follows. [2]

On appeal, Jane Doe V contends that the circuit court improperly ruled on a standing issue that was not before it and that it incorrectly ruled that CALGA did not apply. Metro, on the other hand, argues that the only issue before this Court is whether the circuit court properly held that Louisville Metro and LMPD were entitled to a dismissal of Jane Doe V's direct liability claims on the basis of sovereign immunity.

Before we reach the merits of the appeal, we must address Metro's motion to strike Jane Doe V's brief and dismiss her appeal, which was passed to the merits panel. In the motion, Metro argues 1) that the two issues Jane Doe V raised in her brief were not preserved by listing them in her prehearing statement, *see* CR 76.03(8), and that the issues she did raise were not related to sovereign immunity, which was the basis of the circuit court's ruling; 2) that she failed to

---

[2] The same day, the court ruled on a motion by Cano for summary judgment, granting it in part and denying it in part. Jane Doe V attempted to seek review of this order in the present appeal. However, that order was interlocutory, and, based on her response to a show cause order, this Court limited the present appeal to the order dismissing the claims against Metro.

include a statement at the beginning of each argument showing where and how the issue was preserved for review pursuant to CR 76.12(4)(c)(v); and 3) that she included references in her brief to information that is not part of the appellate record in this case, specifically references to the outcome of Cano's criminal charges and the filing of the declaratory action by Louisville Metro against Cano. Jane Doe V did not file a response to the motion. She did, however, respond to the issues the motion, as well as Metro's appellee brief, raised in her reply brief. Based upon her response, we decline to strike Jane Doe V's brief and note that our resolution of the appeal is not affected by her references to the extraneous information. We shall rule on this motion by separate order entered this day.

Our standard of review of an order granting a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to CR 12.02(f) is set forth in *Benningfield v. Pettit Environmental, Inc.*, 183 S.W.3d 567, 570 (Ky. App. 2005):

> A motion to dismiss should only be granted if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari-Mutuel Clerks' Union v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977). When ruling on the motion, the allegations in "the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Gall v. Scroggy*, 725 S.W.2d 867, 868 (Ky. App. 1987). In making this decision, the trial court is not required to make any factual findings. *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002). Therefore, "the

-6-

question is purely a matter of law." *Id.* Accordingly, the trial court's decision will be reviewed *de novo. Revenue Cabinet v. Hubbard*, 37 S.W.3d 717, 719 (Ky. 2000).

With this standard in mind, we shall review Jane Doe V's arguments.

For her first argument, Jane Doe V argues that the circuit court incorrectly ruled on a standing issue that was not before it. This portion of the circuit court's opinion and order addressed the conclusion that Jane Doe V did not have standing to move for a declaration in this suit that Metro must indemnify Cano pursuant to CALGA if the court entered a judgment in her favor. We disagree that this issue was not before the circuit court as it was raised in pleadings below based upon Jane Doe V's argument that the application of CALGA defeats an assertion of sovereign immunity.

As set forth in KRS 65.2005, CALGA provides:

(1) A local government shall provide for the defense of any employee by an attorney chosen by the local government in any action in tort arising out of an act or omission occurring within the scope of his employment of which it has been given notice pursuant to subsection (2) of this section. The local government shall pay any judgment based thereon or any compromise or settlement of the action except as provided in subsection (3) of this section and except that a local government's responsibility under this section to indemnify an employee shall be subject to the limitations contained in KRS 65.2002.

(2) Upon receiving service of a summons and complaint in any action in tort brought against him, an employee shall, within ten (10) days of receipt of service, give

-7-

written notice of such action in tort to the executive authority of the local government.

(3) A local government may refuse to pay a judgment or settlement in any action against an employee, or if a local government pays any claim or judgment against any employee pursuant to subsection (1) of this section, it may recover from such employee the amount of such payment and the costs to defend if:

    (a) The employee acted or failed to act because of fraud, malice, or corruption;

    (b) The action was outside the actual or apparent scope of his employment;

    (c) The employee willfully failed or refused to assist the defense of the cause of action, including the failure to give notice to the executive authority of the local government pursuant to subsection (2) of this section;

    (d) The employee compromised or settled the claim without the approval of the governing body of the local government; or

    (e) The employee obtained private counsel without the consent of the local government, in which case, the local government may also refuse to pay any legal fees incurred by the employee.

The Supreme Court addressed CALGA in *Richardson v. Louisville/Jefferson County Metro Government*, 260 S.W.3d 777, 781 (Ky. 2008), explaining:

CALGA was enacted in part to shield public employees from the personal expense incurred in the

defense of tort claims. The protections afforded by CALGA allow public employees to diligently and faithfully serve the Commonwealth without worrying about the financial burdens and other adverse consequences of civil litigation, which may stem from their civil service.

(Citations omitted.) We agree with the circuit court that CALGA addresses the relationship between public employees and their governmental employer and that any benefit to a plaintiff, such as the payment of damages to Jane Doe V, is merely incidental. As such, there could be no controversy between Jane Doe V and Metro because she did not have an actionable right. Therefore, we find no error in the circuit court's legal ruling that Jane Doe V did not have standing to seek a declaration that Metro must indemnify Cano under CALGA.

Next, Jane Doe V argues that the circuit court should have ruled on whether her case fell under the class of cases to which CALGA applies, including whether Cano was acting under color of law that would give rise to an action under 42 United States Code (U.S.C.) § 1983 when he committed the assaults. This has nothing to do with whether Metro was entitled to sovereign immunity in this case.

It is well-settled in Kentucky that "[a] county government is cloaked with sovereign immunity. Nor can a county, absent a legislative waiver of immunity, be held vicariously liable in a judicial court for the ministerial acts of its agents, servants, and employees." *Schwindel*, 113 S.W.3d at 163 (citations omitted). Here, there is no question that Louisville Metro is a county government

-9-

and that LMPD is one of its agencies. Therefore, both are entitled to immunity as to Jane Doe V's direct liability claims against these governmental entities. *See Comair, Inc. v. Lexington-Fayette Urban County Airport Corp.*, 295 S.W.3d 91, 99 (Ky. 2009). Whether Cano is entitled to indemnification for any damages Jane Doe V might be awarded has nothing to do with whether these entities are entitled to immunity in this instance. *See Schwindel*, 113 S.W.3d at 163 ("[T]he legislative intent was not to waive any immunity enjoyed by any local government but to specify what damages could be obtained against local governments that are subject to common law judgments and what obligation a local government has to provide a defense for and pay judgments rendered against its employees for the tortious performance of their ministerial duties."). The circuit court did not commit any error in holding that the doctrine of sovereign immunity applies to Metro in this case.

For the foregoing reasons, the opinion and order of the Jefferson Circuit Court dismissing Jane Doe V's claims against Louisville Metro and LMPD is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shannon Fauver
Louisville, Kentucky

John E. Spainhour
Shepherdsville, Kentucky

BRIEF FOR APPELLEES:

Michael J. O'Connell
Louisville, Kentucky

Brendan R. Daugherty
Louisville, Kentucky