RENDERED: APRIL 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0277-MR

ROY STUCKY                                                        APPELLANT

                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE MITCH PERRY, JUDGE
                    ACTION NO. 20-CI-007028

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT A/K/A
LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, MAZE, AND TAYLOR, JUDGES.

JONES, JUDGE: The Appellant, Roy Stucky, seeks review of the Jefferson

Circuit Court's order dismissing Stucky's negligence claim against the Appellee,

Louisville Jefferson County Metro Government A/K/A Louisville/Jefferson

County Metro Government ("Louisville Metro"). Therein, the circuit court

concluded that Louisville Metro is entitled to sovereign immunity as a matter of

law. Stucky insists, however, that Louisville Metro is not entitled to sovereign immunity because it is not the state or a county. Having reviewed the record in conjunction with all applicable legal authority, we affirm.

On December 4, 2020, Stucky filed a negligence complaint against Louisville Metro. Stucky's complaint alleges that Louisville Metro failed to properly maintain a sidewalk on which Stucky had fallen and injured himself a year earlier. In lieu of answering the complaint, Louisville Metro filed a motion to dismiss asserting that it was immune from suit. Following briefing, the circuit court granted Louisville Metro's motion. This appeal followed.

The issue of whether a defendant is entitled to the defense of sovereign immunity is a question of law. *See Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006) (citing *Jefferson County Fiscal Court v. Peerce*, 132 S.W.3d 824, 833 (Ky. 2004)). Questions of law are reviewed *de novo*. *Jacobi v. Holbert*, 553 S.W.3d 246, 252 (Ky. 2018). This means "we owe no deference to the legal conclusions of the court[ ] below." *Howard v. Big Sandy Area Development District, Inc.*, 626 S.W.3d 466, 470 (Ky. 2020).

"Sovereign immunity is a bedrock component of the American governmental ideal, and is a holdover from the earliest days of the Commonwealth, having been brought over from the English common law." *Caneyville Volunteer Fire Dep't v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790, 799 (Ky. 2009).

Conceptionally, sovereign immunity is best viewed as an intrinsic attribute of the state itself. *Commonwealth v. Kelley*, 314 Ky. 581, 583, 236 S.W.2d 695, 696 (1951) ("Immunity from suit has always been an attribute of state sovereignty."); *Yanero v. Davis*, 65 S.W.3d 510, 517 (Ky. 2001). The state's inherent immunity is broad; it protects the state not only from the imposition of money damages but also from the burdens of defending a lawsuit. *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 135 (Ky. 2004).

By necessity, much of the state's work is actually performed at the county level. As such, well over a century ago, Kentucky's highest court held that counties are essentially "a part of the sovereignty itself" and are entitled to the same sovereign immunity as the state. *Downing v. Mason County*, 87 Ky. 208, 8 S.W. 264, 265 (1888) ("A county being but an arm or branch of the state government, it is no more liable to be sued for the neglect or tort of its officers than the state is for that of those in authority in it. The common law gives no such right, and it, therefore, can only exist by statute. There is none in this state."). In contrast, cities are not considered an arm of the state, and therefore, do not enjoy sovereign immunity. *Id.* ("A city is liable to an individual, in certain cases, for a failure to discharge its corporate duties, upon the ground that its powers have been granted at the special solicitation and for the benefit of its citizens, and not so

-3-

much to aid in the administration of the state government as for local advantage and convenience.").

Louisville Metro, a consolidated local government, was established in January of 2003 when Louisville, a city of the first class, merged with Jefferson County pursuant to KRS[1] 67C.101(1).  "A consolidated local government is neither a city government nor a county government  . . . but it is a separate classification of government which possess the greater powers conferred upon, and is subject to the lesser restrictions applicable to, county government and cities of the first class under the Constitution and general laws of the Commonwealth of Kentucky."  KRS 67C.101(2)(d).  Furthermore, as a consolidated local government, Louisville Metro "shall be accorded the same sovereign immunity granted counties, their agencies, officers, and employees."  KRS 67C.101(2)(e).

The Kentucky Supreme Court has applied KRS 67C.101(2)(e) several times and reached the same conclusion as the circuit court – Louisville Metro is entitled to sovereign immunity.  *See Meinhart v. Louisville Metro Government*, 627 S.W.3d 824, 831 (Ky. 2021) ("Louisville Metro is a government entity entitled to sovereign immunity."); *Ruplinger v. Louisville/Jefferson County Metro Government*, 607 S.W.3d 583, 585 (Ky. 2020) ("[A]bsolute immunity extends to county governments, including consolidated city-county government schemes like

---

[1] Kentucky Revised Statutes.

Metro."); *A.H. v. Louisville Metro Government*, 612 S.W.3d 902, 909 (Ky. 2020) ("As a consolidated local government, [Louisville Metro] enjoys the same absolute sovereign immunity afforded counties."); *Bryant v. Louisville Metro Housing Authority*, 568 S.W.3d 839, 845 (Ky. 2019) ("Louisville Metro maintains sovereign immunity."). "As an intermediate appellate court, this Court is bound by published decisions of the Kentucky Supreme Court. SCR[2] 1.030(8)(a). The Court of Appeals cannot overrule the established precedent set by the Supreme Court[.]" *Kindred Healthcare, Inc. v. Henson*, 481 S.W.3d 825, 829 (Ky. App. 2014).[3]

Stucky's next argument is that Louisville Metro has waived its immunity where it has voluntarily settled certain claims made against it without asserting its immune status. The Constitution of Kentucky vests the General Assembly with the authority to waive immunity for the Commonwealth and its agencies. *Benningfield v. Fields*, 584 S.W.3d 731, 736 (Ky. 2019). Specifically, Section 231 provides: "The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth." KY. CONST. § 231. In the absence of a statute authorizing suit, we presume that the General

<hr>

[2] Rules of the Kentucky Supreme Court.

[3] The existence of these published opinions from our Supreme Court makes it unnecessary for us to consider Stucky's invitation for us to examine and overrule our opinion in *Louisville/Jefferson County Metro Government v. Cowan*, 508 S.W.3d 107, 108 (Ky. App. 2016).

Assembly has not waived the state's immunity. *Reyes v. Hardin County*, 55 S.W.3d 337, 342 (Ky. 2001) (citations omitted) ("There is no need for a statute that precludes a suit against an immune entity, for such is inherent in the doctrine of sovereign immunity. A statute is required only if the legislature intends to permit such a suit."). Even the procurement of liability insurance is not sufficient to establish a waiver of immunity. *Withers v. University of Kentucky*, 939 S.W.2d 340, 345 (Ky. 1997). There is nothing to suggest that the General Assembly has explicitly waived Louisville Metro's immunity, and we cannot infer or imply a waiver of sovereign immunity; it must be express.

Lastly, Stucky argues that KRS 67C.101(2)(e) is unconstitutional because it exceeds the scope of the General Assembly's authority. "KRS 418.075 requires the Attorney General to be notified of any constitutional challenge to a statute." *A.H.*, 612 S.W.3d at 912-13. Louisville Metro raised Stucky's nonadherence to KRS 418.075 in its Appellee brief, but Stucky did not file a reply addressing this argument. We have not found any indication in the record below or in this Court's record that Stucky notified the Attorney General that he was challenging the constitutionality of KRS 67C.101(2)(e). KRS 418.075 requires strict compliance. Since Stucky did not comply with KRS 418.075, we decline to review his challenges to KRS 67C.101(2)(e)'s constitutionality. *A.H.*, 612 S.W.3d

at 913 ("To ensure strict statutory compliance, the Court of Appeals should have cited the statute and declined to address the argument.").

For the reasons set forth above, we affirm the Jefferson Circuit Court's judgment dismissing Stucky's complaint against Louisville Metro.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Harry B. O'Donnell IV<br>Louisville, Kentucky | Michael J. O'Connell<br>Jefferson County Attorney |
| | Roy C. Denny<br>Assistant Jefferson County Attorney<br>Louisville, Kentucky |