RENDERED:  OCTOBER 21, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1079-MR

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT AND MARY
CARTER                                                                    APPELLANTS


|       | APPEAL FROM JEFFERSON CIRCUIT COURT |
|-------|-------------------------------------|
| v.    | HONORABLE MARY M. SHAW, JUDGE        |
|       | ACTION NO. 21-CI-003091             |


RHAMAN ABDULLAH, AS PARENT AND
NATURAL GUARDIAN OF
A.A.; MILANDO ABDULLAH, AS PARENT
AND NATURAL GUARDIAN OF A.A.;
FELICIA WHITE; NANCY WILLIAMS;
ANNIE BLACKSHEAR; HOMES FOR THE
NEEDY, LLC; ABDUL HAQS; AND HAQS, LLC                    APPELLEES


OPINION
REVERSING
AND REMANDING

** ** ** ** **

BEFORE:  LAMBERT, MAZE, AND TAYLOR, JUDGES.

MAZE, JUDGE: Appellants Louisville/Jefferson County Metro Government ("Metro") and Marty Carter, in her official capacity, bring this interlocutory appeal from the Jefferson Circuit Court's opinion and order entered August 17, 2021, denying its motion to dismiss on the grounds of sovereign immunity. As the Court finds that the trial court properly found that Metro was entitled to sovereign immunity but erred by denying its motion in order to allow Appellees to take discovery on the issue of waiver, we reverse and remand for entry of an order granting dismissal.

Appellee A.A., a minor child, was injured by lead poisoning as the result of exposure to lead-based paint while he and his parents[1] (collectively "the Abdullahs") were residents in rental property owned by Appellees Annie Blackshear and Homes for the Needy, LLC. They were contacted by Metro employees, including Appellant Marty Carter, and Appellees Felicia White and Nancy Williams, in connection with the relocation services offered by Lead Safe Louisville. The family was then placed in property owned by Appellees Abdul Haq and HAQS, LLC located at 2639 Virginia Avenue. They later learned that this location was also contaminated with lead. The family filed its complaint on May 27, 2021, and Metro filed its motion to dismiss. The trial court held that "Metro is entitled to sovereign immunity, absent a waiver." However, the court

---

[1] Appellees Rhaman and Milando Abdullah.

-2-

then held that the Abdullahs were entitled to take discovery to determine if waiver had occurred. The court denied Metro's motion to dismiss, and this appeal followed.

## STANDARD OF REVIEW

CR[2] 12.02(f) provides that a motion to dismiss for failure to state a claim should only be granted if it appears that the plaintiff would be unable to prevail under any circumstances. *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009). Clearly, if the opposing party is entitled to immunity, the plaintiff could not prevail.

This Court has jurisdiction over the interlocutory appeal of a denial of a motion for relief based on sovereign immunity. *Breathitt Cnty. Bd. Of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009). The issue of immunity is an issue of law, not of fact and is reviewed on appeal *de novo*. *Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 474 (Ky. 2006).

## SOVEREIGN IMMUNITY

It is an established matter of law that Metro, as a consolidated city-county government, is entitled to the same degree of immunity afforded to counties of this state. *Ruplinger v. Louisville/Jefferson Cnty. Metro Gov't*, 607 S.W.3d 583, 585 (Ky. 2020). Further, such immunity extends to its agencies and employees.

---

[2] Kentucky Rules of Civil Procedure.

KRS[3] 67C.101(2)(e).  In determining whether Metro was entitled to dismissal based on immunity for the actions of Lead Safe Louisville and its employees, the trial court adopted the two-pronged test of *Kentucky Center for the Arts Corporation v. Berns*, 801 S.W.2d 327 (Ky. 1990), *as applied in Comair, Inc. v. Lexington-Fayette Urban County Airport Corporation*, 295 S.W.3d 91, 99 (Ky. 2009).

However, the Court in *Comair* cautioned that the *Berns* "test" was "best left in that case[,]" calling it "overly simple, failing to allow for subtlety, and too limiting."  *Id.*  The Court urged a more functional inquiry focused on "the sources of the entity in question and the nature of the function it carries out."  *Id.*  The Court concluded that, "the basic concept behind the two-prongs – whether the entity in question is an agency (or alter ego) of a clearly immune entity (like the state or a county) rather than one for purely local, proprietary functions – is still useful."  *Id.*

Lead Safe Louisville is not an "agency" or "alter ego" in its own right.  It is a program administered by two Metro agencies, the Department of Public Health and Wellness and the Office of Housing and Community Development.  It is operated by Metro employees and funded by Metro.  KRS 65.2003(3)(d).  Unlike some agencies, Lead Safe Louisville has no authority to sue or be sued in

---

[3] Kentucky Revised Statutes.

its own name. *Parking Authority of River City, Inc. v. Bridgefield Casualty Insurance Company*, 477 S.W.3d 598, 601 (Ky. App. 2015). In short, Lead Safe Louisville is a subordinate entity of two agencies of an immune entity as described in *Comair*. 295 S.W.3d at 99.

Lead Safe Louisville was engaged in the performance of a governmental function the furtherance of public health, particularly in the low-income community. In *Beall v. Oakwood Community Center*, No. 2007-CA-000268-MR, 2008 WL 399628, at *1 (Ky. App. Feb. 15, 2008), this Court appeared to find by implication that public health is a governmental function. Clearly, based upon the foregoing authority, the trial court properly found that Metro and its employees are entitled to the benefit of sovereign immunity.

## WAIVER

However, waiver is a question of law, not fact. Therefore, the trial court erred in holding that it is "inherently fact intensive absent a statute or ordinance that directly settles the issue." No statutes were cited by the Abdullahs which would authorize suit. Where there is no statute granting leave to sue, we must presume that the General Assembly has not done so. *Reyes v. Hardin County*, 55 S.W.3d 337, 342 (Ky. 2001).

Indeed, the court's rationale for allowing additional discovery was "to determine whether Metro's insurance policies, contracts, or policies and

-5-

procedures could contain a possible implied waiver." However, as a matter of law, sovereign immunity cannot be waived by an ordinance. *Schell v. Young*, 640 S.W.3d 24 (Ky. App. 2021). It cannot be waived by the purchase of an insurance policy or a provision for self-insurance. *Withers v. University of Kentucky*, 939 S.W.2d 340, 345 (Ky. 1997). Waiver must be based upon "express language" or "overwhelming implication." *Id*. at 346.

Summary adjudications of claims of sovereign immunity relieve government defendants from the burdens of defending the action. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-818, 102 S. Ct. 2727, 2737-2738, 73 L. Ed. 2d 396 (1982). These include the burdens of discovery, *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 135 (Ky. 2004). The course of action proposed by the trial court would not only prove futile but would serve to defeat this worthy purpose.

Accordingly, we reverse and remand to the Jefferson Circuit Court with instructions to dismiss Metro and Marty Carter, in her official capacity, from this action.

LAMBERT, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT
LOUISVILLE/JEFFERSON
COUNTY METRO
GOVERNMENT:

Michael J. O'Connell
Jefferson County Attorney

Roy C. Denny
Assistant Jefferson County Attorney
Louisville, Kentucky

BRIEF FOR APPELLEES:

Kevin Weis
Louisville, Kentucky