RENDERED: JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0330-MR

HARRY B. O'DONNELL IV             APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE BRIAN C. EDWARDS, JUDGE
ACTION NO. 20-CI-004260

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE: On July 26, 2019, Appellant, Harry O'Donnell IV (Harry),

sustained injuries after he tripped over a defect in a sidewalk owned and controlled

by Appellee, Louisville/Jefferson County Metro Government (LMG). He sued

LMG for negligence. LMG filed a motion for summary judgment on the basis of

sovereign immunity, which was granted by the circuit court. Harry now appeals to this court as a matter of right.

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. "Because no factual issues are involved and only a legal issue is before the court on the motion for summary judgment, we do not defer to the trial court and our review is *de novo*." *Univ. of Louisville v. Sharp*, 416 S.W.3d 313, 315 (Ky. App. 2013) (citation omitted). With these standards in mind, we turn to the applicable law and the facts of the present case.

Harry argues that "LMG does not have sovereign immunity under existing Kentucky law and precedents as it is a form of City Government." He correctly states that the circuit court based its decision in part on *Louisville/Jefferson County Metro Government v. Cowan*, 508 S.W.3d 107, 109 (Ky. App. 2016) (observing that LMG is "a classification of county government and thus an arm of the Commonwealth entitled to sovereign immunity"). Therefore, Harry asserts that "a threshold issue in this appeal is if this Court can overrule its own prior precedent in *Cowan*." Harry does not contend that the

---

[1] Kentucky Rules of Civil Procedure.

circuit court improperly applied *Cowan*. Rather, his issue before this Court is that *Cowan* was wrongly decided. He specifically argues that only counties are entitled to sovereign immunity and that because Louisville is a city, the creation of LMG does not confer immunity on Louisville.[2] We acknowledge Harry's candor to the Court and his understanding of the value and weight afforded its precedent. And of course, the Court of Justice is open to good faith arguments that the law should be changed. Nevertheless, we decline to revisit our holding in *Cowan*.

LMG is a consolidated local government established by KRS[3] Chapter 67C. The General Assembly also expressly endowed LMG with sovereign immunity. KRS 67C.101(2)(e). At the heart of Harry's argument, is that these statutory grants are unconstitutional under the Kentucky Constitution. However, there is no indication in the record that Harry properly preserved this issue by notifying the Attorney General of his constitutional challenge. *See* KRS 418.075. Therefore, we decline to review Harry's constitutional challenges. Moreover, our decision in *Cowan* was preceded by similar precedent. *See Jewish Hospital Healthcare Services, Inc. v. Louisville/Jefferson County Metro Government*, 270 S.W.3d 904, 907 (Ky. App. 2008) ("[LMG] is entitled to sovereign immunity.");

---

[2] He also argues that LMG cannot be considered a unified government because it did not incorporate all other pre-existing Jefferson County municipalities.

[3] Kentucky Revised Statutes.

and *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004) (holding that the Lexington-Fayette Urban County Government was entitled to sovereign immunity). Having considered the record and the law, we affirm the circuit court's summary judgment.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Harry B. O'Donnell IV                   Roy C. Denny
Louisville, Kentucky                    Louisville, Kentucky