OPINION of the Court, by
Ch. J. ’’oyi/e.
This was an action upon the case. The declaration in substance sieges, that in virtue of & fieri facias issued against the plaintiff, and directed to the sheriff of Gallatin county, the defendant, as the deputy of the sheriff of said coun-ty» took two boats, of the value ofgl30 each, and a mar» of the value of glOO, the property of the plaintiff, out of h¡g possession, and promised safely to keep the same an(l dispose thereof for the benefit of the plaintiff in sa-tisfaction of said execution. But that the defendant, not regarding his promise nor his duty of sheriff, had so nefi,]|¡g-ently kept said boats and mare that they were «wholly lost to the plaintiff.
Issue was joined upon the plea of not guilty, and a and judgment obtained for the plaintiff, from which the defendant prosecutes this appeal,
The main question presented by the record in this case ¡Sf whether the matter alleged in the declaration is suffiment to entitle the plaintiff to maintain his action against the defendant ?
That it is not, we think is obvious. The declaration C0,Ra'lls il plain charge against the defendant of a breach of his official duty as deputy sheriff; and the law is clearly settled, that where the action is founded upon a breach °f the duty of the office of sheriff, it must be brought against the principal, and not the deputy, though it be for the default of the latter_l Wash. 159 — Cowper 403 — Bac. Abr. title Sheriff, letter H — Chitty 69, 73, This is the universal rule, except where it is otherwise provided by statute; and it is not pretended that there is any statutory provision which authorises an action against the deputy in cases of this kind.
It cannot, we apprehend, be contended with propriety, that the action can be maintained upon the promise laid in the declaration : for the promise was to do that only which it was the defendant’s official duty to hare *495 done ; and tlié obligation to perform his official duty was prior in timé and paramount in law to any obligátion he could impose upon himself by hist promise. Besides, there is not only no consideration laid for the promise, but the law would have inhibited the defendant from receiving any consideration for such a promise: and as a promise without consideration is not binding, it would seem necessarily to follow that the promise in this case was not obligatory upon the defendant, and could not make him farther or otherwise responsible than he would have been without such a promise.
But another insuperable objection to the declaration is the want of an averment of the amount of the execution in virtue of which the property was taken : for unless the value of the property taken was greater than the amount of the execution, its loss by the default of the defendant could not prejudice the plaintiff, inasmuch as no other property of his could in that case be taken to satisfy the execution. — ;2 Sand. 344 — 2 Ld. Ray. 1075. If the value of the property taken had been greater than the amount of the execution, as the sheriff would have been bound to return the surplus to the plaintiff, who was the defendant in the execution, the loss of the property would have been an injury to the plaintiff for which lie might have maintained his action. But there being no averment of the amount of the execution, it does not appear that the property w as Of greater value than would have been sufficient to satisfy the execution ; and consequently for want of such averment the plaintiff has not shown himself prejudiced by the loss of the property.
Judgment reversed with costs, and the cause remanded that the suit may be dismissed with costs.