**LEXINGTON–FAYETTE URBAN COUNTY BOARD OF HEALTH, Movant,**

v.

**BOARD OF TRUSTEES OF THE UNIVERSITY OF KENTUCKY, Respondent.**

No. 93–SC–098–DG.

Supreme Court of Kentucky.

July 21, 1994.

Phillip D. Scott, Mark T. Hayden, Greenebaum, Doll & McDonald, Lexington, for movant.

John Darsie, Paul C. Van Booven, University of Kentucky, Lexington, for respondent.

SAM E. ISAACS, II, Special Justice.

The issue before this Court is whether the Lexington–Fayette Urban County Board of Health (Board of Health) can enforce local health regulations against the University of Kentucky (University), a state agency.

Counsel for the University has conceded that the Board of Health has authority to enforce state health laws and state regulations against state agencies, including the University. The issue to be decided is whether the Board of Health has the authority to enact or enforce local health laws or local regulations against the University.

This controversy arose as a result of the construction by the University of a "Spa Pool" at the Nutter Football Center. The Board of Health sought to inspect and enforce state and local health laws and regulations in the construction of the "Spa Pool." The University objected and refused to permit the Board of Health to enforce local health regulations against the University because it is a state agency.

The University and the Board of Health filed a declaratory judgment action in Fayette Circuit Court to resolve the matter between the parties. The dispute was resolved in favor of the Board of Health in the trial court. The University appealed this decision to the Court of Appeals which reversed the trial court and found for the University.

We are of the opinion that the Court of Appeals was correct and affirm its decision.

The Board of Health contends that it has been granted authority, both general and specific, to regulate the University. The Board of Health argues in support of its position that it is the enforcement agency for the Cabinet for Human Resources of state health laws and state regulations. We agree,

and the University concedes, that the Board of Health is the enforcement agent for the Cabinet for Human Resources and has the authority to inspect and enforce state health laws and state health regulations against the University. However, we do not believe that when the legislature designated the Board of Health as the enforcement agent of the Cabinet for Human Resources that the legislature intended to grant the Board of Health authority to enforce local health laws or enact local regulations against state agencies. To hold otherwise would create a situation where each state agency could be held accountable for a multiplicity of different health laws and regulations by each separate board of health.

The Board of Health contends that since it was created by the Lexington–Fayette Urban County Government, which has sovereign immunity, and since it is not a city that *City of Bowling Green v. T & E Electrical Contractors, Inc.*, Ky., 602 S.W.2d 434 (1980) does not apply. We would like to state that there is no issue involving sovereign immunity before this Court and that this opinion does not make any determination concerning sovereign immunity and its application to the Board of Health. The Board of Health fails to cite any authority for the contention that because it is not a city or was not created by a city that there is no need for this political subdivision to have specific legislative authority in order to enact or enforce local health laws or regulations against the University or any state agency.

The Board of Health cites *Commonwealth v. Do, Inc.*, Ky., 674 S.W.2d 519 (1984) as its authority for arguing that it has a broad grant of authority to enforce state health laws as well as to enact and enforce its own local regulations. Although *Do* holds that the Board of Health exercises the police power of the state, this case did not involve a board of health attempting to enforce local health laws or regulations against a state agency and is not authoritative on this issue.

In addition, *Do* discussed the fact that the local health regulations that it was enforcing were annually reviewed and approved by the Cabinet for Human Resources. The Board of Health has conceded that the local health laws and local health regulations that it seeks to enforce against the University have not been reviewed and approved by the Cabinet for Human Resources which is the central state government agency responsible for the enforcement of state health laws and the enactment of state health regulations. Thus, *Do* is distinguishable.

Although the Board of Health strongly contends that the legislature has granted it the specific authority to enact regulations affecting state agencies, we disagree.

In *City of Bowling Green v. T & E Electrical Contractors, supra*, we stated as follows:

The rule of construction to be applied is: "Statutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed, and should not be permitted to divest the state or its government of any of its prerogatives, rights, or remedies, unless the intention of the legislature to effect this object is clearly expressed." *Commonwealth, Department of Highways v. Hale*, Ky., 348 S.W.2d 831, 832 (1961) and 82 C.J.S. *Statutes* § 391. *Id.* at 436.

In applying this rule of construction in *City of Bowling Green*, we held that statutory language indicating "all private and public buildings" was not sufficient to include those owned by the Commonwealth or it subdivisions.

We have reviewed and considered KRS 212.245(6) and KRS 212.626(9) and do not agree that the legislature has granted specific authority to the Board of Health to enact or enforce local health regulations against state agencies since the language utilized in these statutes is no more specific than the language discussed in *City of Bowling Green*.

Even though the Board of Health was created by an urban-county government, it only has the powers granted to it by the legislature. We feel that the same rule of construction used in *City of Bowling Green* should be used in determining whether the central government of the Commonwealth has granted authority to the Board of Health to not only enforce state laws and regulations, but also to enact and enforce local laws

or regulations against state agencies. Utilizing the reasoning contained in *City of Bowling Green*, it is our opinion that the legislature has not made clear its intention to grant authority to the Board of Health to enact and enforce local health laws or local regulations against state agencies, including the University.

The decision of the Court of Appeals is affirmed.

LAMBERT, LEIBSON, REYNOLDS, and SPAIN, JJ., concur.

STUMBO and WINTERSHEIMER, JJ., dissent without opinion.

STEPHENS, C.J., not sitting.