# $\mathfrak{Supreme\ Court\ of\ Kentucky}$



2005-SC-000854-DG
2006-SC-000164-DG

BARNEY JONES, INDIVIDUALLY AND
AS SHERIFF OF BARREN COUNTY; AND
UNKNOWN INSURANCE CARRIER OF
BARNEY JONES                                                              APPELLANTS

|  |  |
|---|---|
| V. | ON REVIEW FROM COURT OF APPEALS<br>CASE NUMBER 2003-CA-001224<br>BARREN CIRCUIT COURT NO. 01-CI-00493 |

JASON H. CROSS; MITZI R. CROSS; AND
CHRISTOPHER A. SPRADLIN                                                   APPELLEES

## OPINION OF THE COURT BY JUSTICE SCHRODER

### <u>AFFIRMING</u>

A sheriff's deputy seriously injured two Kentucky State Troopers while all three were attempting to capture a fugitive. The questions accepted for discretionary review are whether the sheriff in his official capacity (the office of sheriff) is entitled to official immunity for tortious acts of his deputies, and if so, whether KRS 70.040 waives that immunity. We opine that the sheriff in his official capacity (the office of sheriff) has official immunity for tortious acts committed by his deputies, but that KRS 70.040 waives said immunity for that office.

On the morning of September 3, 2000, Barren County Deputy Sheriff Leland Cox went to execute an arrest warrant on an evasive David Price. Deputy Sheriff Cox

requested assistance from Kentucky State Police Troopers, Jason H. Cross and Christopher A. Spradlin, who both responded in their separate cruisers. All three vehicles were northbound on Kentucky Highway 740 when they learned that Price was approaching from the opposite direction. When Price realized that his southbound path was blocked, he abandoned his vehicle and fled on foot into a grassy field. Both troopers pursued Price on foot, while Deputy Cox drove his cruiser into the open field. As Trooper Cross caught Price, Deputy Cox ran his cruiser over Trooper Cross, leaving tire tracks on his uniform. Somehow, Deputy Cox's cruiser then hit Trooper Spradlin, but missed Price. Not surprisingly, both Troopers sustained injuries.

Subsequently, Trooper Spradlin, as well as Trooper Cross and his wife, Mitzi R. Cross, filed a negligence action against Deputy Cox and his employer, Barren County Sheriff Barney Jones, in both their individual and official capacities, and against their respective insurers. The liability of Deputy Cox and his insurers is no longer an issue. The liability of Sheriff Jones in his individual capacity is still before the trial court and not an issue before this court. The issues ruled on by the trial court and on appeal to this Court are whether the sheriff (the office of sheriff) has official immunity when sued in his official capacity for tortious acts of a deputy, and if so, whether KRS 70.040 waives that immunity.

The trial court held that Sheriff Jones and his insurer were not liable "on the basis of absolute and qualified official immunities." Additionally, the trial court determined that KRS 70.040 did not waive immunity of a sheriff for tortious acts of a sheriff's deputies. The Court of Appeals agreed that a sheriff is entitled to immunity when sued in his official capacity unless said immunity is waived. The Court of Appeals went on to discuss KRS 70.040 and held that the statute was a waiver of the sheriff's official

2

immunity for tortious acts of his deputies. The Court of Appeals, however, declined to address the constitutionality of said statute. This Court granted discretionary review to determine whether a sheriff in his official capacity (the office of sheriff), has immunity for tortious acts of his deputy, and if so, does KRS 70.040 waive that immunity.

Sovereign immunity is a concept from common law "that precludes the maintaining of any suit against the state unless the state has given its consent or otherwise waived its immunity." Yanero v. Davis, 65 S.W.3d 510, 517 (Ky. 2001). Governmental immunity is derived from sovereign immunity and applies to tort liability of governmental agencies. Therefore, "a state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function." Id. at 519 (emphasis added). Official immunity protects governmental officials or employees from tort liability for performance of their discretionary functions. Id. at 521. Furthermore, official immunity is absolute when an official's or an employee's actions are subject to suit in his official capacity. Id.[1]

The first step in our analysis requires us to apply the above concepts to the first part of our question- whether a sheriff, in his official capacity, is entitled to official immunity for tortious acts committed by his deputies. Because the county is a political subdivision of the state, it is "cloaked" with sovereign or governmental immunity. Lexington-Fayette Urban County Gov't v. Smolcic, 142 S.W.3d 128 (Ky. 2004). The sheriff is recognized as the chief law enforcement officer of the county. Shipp v. Rodes,

---

[1] However, when a public officer or employee is sued in his individual capacity, there are two possibilities. First, "[q]ualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts . . . (2) in good faith; and (3) within the scope of the employee's authority." Id. at 522. However, "an officer or employee is afforded no immunity from tort liability for the negligent performance of a ministerial act . . . ." Id. Ministerial acts or duties are those "that require only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." Id.

3

196 Ky. 523, 245 S.W. 157 (1922). Thus, we conclude that absent a waiver thereof, a sheriff, as a county official, has absolute official immunity at common law for torts (by him or his deputies) when sued in his official capacity. See Yanero, 65 S.W.3d at 517.

Although common law recognizes that a sheriff has absolute official immunity for tortious acts and omissions of his deputies, the next question is whether KRS 70.040 waives that immunity. Statutes in derogation of the state's sovereign immunity will be strictly construed in favor of the state unless the intention of the legislature to do otherwise is clearly expressed in the statute. Lexington-Fayette Urban County Bd. of Health v. Bd. of Trs. of the Univ. of Ky., 879 S.W.2d 485, 486 (Ky. 1994). KRS 70.040 provides:

> The sheriff shall be liable for the acts or omissions of his deputies; except that, the office of sheriff, and not the individual holder thereof, shall be liable under this section. When a deputy sheriff omits to act or acts in such a way as to render his principal responsible, and the latter discharges such responsibility, the deputy shall be liable to the principal for all damages and costs which are caused by the deputy's act or omission.

A literal or plain reading of the statute clearly imposes liability on the sheriff in his official capacity for acts committed by his deputies. In construing a statute, words must be given their literal, usual, and ordinary meaning unless they have acquired a technical meaning. KRS 446.080(4); Alliant Health Sys. v. Kentucky Unemployment Ins. Comm'n, 912 S.W.2d 452, 454 (Ky.App. 1995); Revenue Cabinet v. JRS Data Sys., Inc., 738 S.W.2d 828, 829 (Ky.App. 1987). Unless the statute is ambiguous, a court does not consider the legislative intent or the legislative history of a statute. Cummings v. Covey, 229 S.W.3d 59 (Ky.App. 2007); Turner v. Turner, 908 S.W.2d 124 (Ky.App. 1995); Newport Benevolent Burial Ass'n v. Clay, 170 Ky. 633, 186 S.W. 658 (1916). Applying these principles, we opine that the legislative waiver of immunity is very clear,

4

and that the plain language of KRS 70.040 leaves no room for any other reasonable construction than a waiver of the sheriff's official immunity (the office of sheriff) for the tortious acts or omissions of his deputies. See Grayson County Bd. of Educ. v. Casey, 157 S.W.3d 201 (Ky. 2005), Reyes v. Hardin County, 55 S.W.3d 337 (Ky. 2001), and Withers v. Univ. of Ky., 939 S.W.2d 340 (Ky. 1997) for examples of "limited" waivers of liability.

Accordingly, we affirm the opinion of the Court of Appeals which reverses the trial court's dismissal and remands for further proceedings.

All sitting, except Minton, J.

Lambert, C.J., Cunningham, Noble, and Scott, JJ., concur. Abramson, J., concurs by separate opinion.

COUNSEL FOR APPELLANTS:

Marc A. Lovell
519 East Tenth Street
P.O. Box 390
Bowling Green, KY 42102

Travis Wayne Calvert
Harlin Parker
519 East Tenth Street
P.O. Box 390
Bowling Green, KY 42102

COUNSEL FOR APPELLEES:

Lee Huddleston
Huddleston & Huddleston
1032 College Street
P.O. Box 2130
Bowling Green, KY 42102

COUNSEL FOR ST. MATTHEWS FIRE PROTECTION DISTRICT, AMICUS CURIAE

Timothy J. Eifler
Stoll Keenon Ogden PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202

Walter L. Sales
Stoll Keenon Ogden PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

2005-SC-000854-DG
2006-SC-000164-DG

BARNEY JONES, INDIVIDUALLY AND
AS SHERIFF OF BARREN COUNTY; AND
UNKNOWN INSURANCE CARRIER OF
BARNEY JONES                                                    APPELLANTS


|        | ON REVIEW FROM COURT OF APPEALS |
|--------|---------------------------------|
| V.     | CASE NUMBER 2003-CA-001224      |
|        | BARREN CIRCUIT COURT NO. 01-CI-00493 |


JASON H. CROSS; MITZI R. CROSS; AND
CHRISTOPHER A. SPRADLIN                                         APPELLEES


## CONCURRING OPINION BY JUSTICE ABRAMSON

In the course of making an authorized arrest, a deputy of the Barren County

Sheriff injured two Kentucky State Police Officers who were assisting him. The injured

officers brought suit against the deputy, alleging that he was negligent, and against his

employer, Sheriff Barney Jones, alleging that Jones was subject to vicarious liability for

torts committed by his deputy in the line of duty. The Barren Circuit Court dismissed

the suit against Sheriff Jones on the ground that as a county official Jones and his

office were immune from vicarious liability. In ordering that the suit against Jones be

reinstated, the majority holds that the sheriff does indeed come within the usual rules

whereby county government and its officials are immune from suit, but that KRS 70.040

waives that immunity with respect to the sheriff. Because this case involves thorny but

important issues concerning the reconciliation of old law with modern circumstances, issues currently unaddressed, I write separately to acknowledge them.

As my colleagues note and as this Court has had several occasions in recent years to reiterate, the doctrine of sovereign immunity and its offshoots of governmental and official immunity derive from the common law rule that the sovereign--the state-- could not be sued except with its consent. Yanero v. Davis, 65 S.W.3d 510 (Ky. 2001). Sections 230 and 231 of our current Constitution have been held to recognize and incorporate the common law practices by declaring the General Assembly's authority to waive the immunity the common law supplied. Reyes v. Hardin County, 55 S.W.3d 337 (Ky. 2001). Counties in Kentucky are political subdivisions of the state, and as such have been held to share the state's sovereign immunity. Schwindel v. Meade County, 113 S.W.3d 159 (Ky. 2003). County officials, moreover, who in their official capacities are generally as immune as the County, Yanero v. Davis, supra, have been held to have no vicarious liability for torts committed by their subordinates and employees. Franklin County v. Malone, 957 S.W.2d 195 (Ky. 1997) (overruled on other grounds by Yanero). Pursuant to this now familiar analysis, my colleagues reason that Sheriff Jones, an elected County official, would be immune from the injured officers' vicarious liability suits were it not for KRS 70.040. That statute provides as follows:

> The sheriff shall be liable for the acts or omissions of his deputies; except that, the office of sheriff, and not the individual holder thereof, shall be liable under this section. When a deputy sheriff omits to act or acts in such a way as to render his principal responsible, and the latter discharges such responsibility, the deputy shall be liable to the principal for all damages and costs which are caused by the deputy's act or omission.

The majority opinion deems the first clause of this provision a waiver of the sheriff's

2

immunity from vicarious liability, and so concludes that the injured state police officers' suits against him should be reinstated.

The statute can reasonably be read as my colleagues read it but to find a waiver of immunity, Kentucky law demands more than a reasonable reading. As we declared in Withers v. University of Kentucky, 939 S.W.2d 340 (Ky. 1997),

> [w]e will find waiver only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.

*Id.* at 346. Applying Withers just three years ago in Grayson County Board of Education v. Casey, 157 S.W.3d 201 (Ky. 2005), we held that KRS 160.310, a provision authorizing boards of education to insure against the negligence of school bus drivers, failed the Withers test despite expressly requiring that insurance policies issued pursuant to the statute "shall bind the company to pay any final judgment rendered against the insured." Although this language could reasonably be construed to contemplate suits against the insured and hence a waiver of immunity, we rejected that reading as not comporting with the strong presumption against waiver. On the contrary, because the statute did not otherwise refer to "suits, jury verdicts, or courts," and because the reference to judgments could be thought to apply to "suits brought in judicial courts when the board or its employee is not cloaked with immunity," we held that Withers precluded a finding of waiver.

Similarly, although KRS 70.040 is susceptible to the reading my colleagues give it, that reading is not compelled by "overwhelming implications from the text." As in Casey, there is no mention in KRS 70.040 of suits, jury verdicts, courts or other words expressly or by clear implication addressing, much less waiving, immunity. And as in

3

<u>Casey</u>, this statute allows a reading that would preserve immunity: the clause providing that the sheriff's office shall be liable for deputy torts could be construed by analogy with <u>Casey</u> and the Claims Against Local Governments Act, KRS 65.2001 to 65.2006, as not waiving the sheriff's immunity from suit, but rather as compelling his office to pay judgments obtained against non-immune employees. *See* <u>Schwindel v. Meade County</u>, <u>supra</u> (discussing the Claims Against Local Governments Act).

Because the statute does not on its face either express or "overwhelmingly imply" a waiver of immunity, it behooves us to consider it more critically. To do so, as the parties and amicus have ably and interestingly demonstrated, requires one first to observe that like the doctrine of sovereign immunity, the office of sheriff has roots deep in the common law. It is, indeed, one of the oldest offices in our law, extending back at least to Anglo-Saxon times (the word "sheriff" derives from the Old English word for the "shire's reeve"), and possibly as far as the Roman occupation of Britain. <u>Magenheimer v. State</u>, 90 N.E.2d 813 (Ind. App. 1950). At common law, it appears, the sheriff was a notable exception to the rule that the sovereign and its agents were generally immune from suit. Indeed, numerous early decisions from other states and from our own Commonwealth recognize that at common law the sheriff was answerable for the official acts of those he employed. *See, e.g.,* <u>Owens v. Gatewood</u>, 4 Bibb 494, 7 Ky. 494 (1817); <u>M'Intyre v. Trumbull</u>, 7 Johns 35 (N.Y. Sup. 1810); <u>Grinnell v. Phillips</u>, 1 Mass. 530 (Mass. 1805). Several states, Kentucky among them, passed legislation recognizing and declaring this common law practice. <u>Williams v. United States</u>, 353 F. Supp. 1226 (D.C.La. 1973); <u>Magenheimer v. State</u>, <u>supra</u>. KRS 70.040 is the codified

4

descendant of two provisions enacted in 1893, two years after the adoption of our current Constitution that affirm the common law rule. Those statutes did no more than declare the prevailing rule and that conclusion is apparent by the fact that even in their wake our courts continued to rely on the older authority. West v. Nantz' Adm'r., 267 Ky. 113, 101 S.W.2d 673 (1937); Johnson v. Williams' Adm'r., 111 Ky. 289, 63 S.W. 759 (1901).

In 1971, the former Court of Appeals was asked to construe KRS 70.040, and citing both West v. Nantz' Adm'r., supra, and Johnson v. Williams' Adm'r, supra, it held that the statute rendered a sheriff liable, both personally and on his bond, for wrongful injuries inflicted by a deputy in the course of an otherwise lawful arrest. Lawson v. Burnett, 471 S.W.2d 726 (Ky. 1971). In response, perhaps, to this reminder that the common law sheriff was subject to personal as well as bond liability for his deputies' torts, in 1972 the General Assembly amended KRS 70.040 and brought it to its present form by adding the proviso that "the office of sheriff, and not the individual holder thereof, shall be liable under this section." Thus, Sheriff Jones cannot be personally liable for his deputy's act but his office can be liable.

In summary, Sheriff Jones is indeed subject to the injured state police officers' suits, but not because KRS 70.040 waives his immunity. He is subject to suit, rather, because that statute codifies the long tradition in our law that the sheriff will be answerable for his deputies' wrongful performance of their duties, a tradition the record before us does not allow us to question. However, revised KRS 70.040 makes it abundantly clear that liability for the deputies' acts or omissions extends only to the sheriff's office and not to the sheriff personally. Thus, I concur in the result reached by

5

the majority.  For the reasons stated, however, I respectfully depart from my colleagues' reasoning.