RENDERED:  JUNE 21, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0908-MR

JJ WIG SHOP, LLC                                                        APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE JESSICA E. GREEN, JUDGE
ACTION NO. 20-CI-004662


LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT                                                       APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND ECKERLE, JUDGES.

CETRULO, JUDGE:  Appellant JJ Wig Shop, LLC (the "Shop") appeals the

Jefferson Circuit Court order granting the motion to dismiss of Appellee

Louisville/Jefferson County Metro Government ("Louisville Metro").  Upon

review, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Following the deaths of unarmed Black individuals, protests began in Louisville in May 2020. The Shop, a Louisville business, alleged that on May 29, 2020, its security camera recorded individuals smashing the Shop's windows during those protests. The Shop alleged that the Louisville Metro Police Department ("LMPD") officers were in the vicinity; however, they did not intervene because the mayor had entered a stand-down order. That night, the Shop withstood destruction of property and stolen inventory, which took months to rebuild. The Shop alleged $85,000 in damages resulting from the "riotous and tumultuous assemblage of people," which the LMPD officers could have prevented. As such, the Shop sued Louisville Metro on behalf of itself and other similarly situated persons under Kentucky Revised Statute ("KRS") 411.100.[1]

Louisville Metro moved to dismiss the action, claiming sovereign immunity. However, the Shop argued that Louisville Metro could not claim sovereign immunity as a defense because it was a "city" under KRS 411.100, which waives sovereign immunity for cities. In July 2023, the circuit court granted Louisville Metro's motion to dismiss, finding that Louisville Metro "enjoys sovereign immunity as a matter of law" and finding that KRS 411.100 did not

---

[1] It is interesting to note that the Shop did not sue the City of Louisville, but rather the Louisville/Jefferson County Metro Government.

waive that immunity. Specifically, the circuit court found that Louisville Metro

was not a "city" under KRS 411.100. The Shop appealed.

## STANDARD OF REVIEW

> It is well established that a court should not dismiss an action for failure to state a claim unless the pleading party appears not to be entitled to relief under any set of facts which could be proven in support of his claim. *Weller v. McCauley*, 383 S.W.2d 356 (Ky. 1964). In ruling on a motion to dismiss, the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true. *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007). Therefore, "the question is purely a matter of law." *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002). Accordingly, the trial court's decision will be reviewed *de novo*. *Revenue Cabinet v. Hubbard*, 37 S.W.3d 717, 719 (Ky. 2000).

*Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009).

Likewise, "[w]hether public entities are immune from suit is a legal

question which an appellate court reviews *de novo*." *Louisville/Jefferson Cnty.*

*Metro Gov't v. Cowan*, 508 S.W.3d 107, 109 (Ky. App. 2016) (citing *Rowan Cnty.*

*v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006)).

## ANALYSIS

Generally, government entities enjoy sovereign immunity. As such, a

party cannot bring suit against such entity unless that immunity has been waived:

> Sovereign immunity "is a concept that arose from the common law of England and was embraced by our courts at an early stage in our nation's history. It is an

-3-

inherent attribute of a sovereign state that precludes the maintaining of any suit against the state unless the state has given its consent or otherwise waived its immunity."

*Louisville Arena Auth., Inc. v. RAM Eng'g & Const., Inc.*, 415 S.W.3d 671, 679-80 (Ky. App. 2013) (quoting *Yanero v. Davis*, 65 S.W.3d 510, 517 (Ky. 2001)).

Our Supreme Court has recently applied those concepts to entities like Louisville Metro and explained how immunity of such entities may be waived:

> "A consolidated local government shall be accorded the same sovereign immunity granted counties, their agencies, officers, and employees." KRS 67C.101(2)(e). "Louisville Metro is a government entity" entitled to sovereign immunity. *Cowan*, 508 S.W.3d at 109; *see also Lexington-Fayette Urban County Gov't v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004) ("[U]rban county governments constitute a new classification of county government . . . entitled to sovereign immunity[.]"). Further, sovereign immunity may only be waived "'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Withers v. University of Kentucky*, 939 S.W.2d 340, 346 (Ky. 1997) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S. Ct. 458, 53 L. Ed. 742 (1909)).

*Meinhart v. Louisville Metro Gov't*, 627 S.W.3d 824, 831 (Ky. 2021) (alterations in original) (footnote omitted).

Further, "[s]tatutes in derogation of the state's sovereign immunity will be strictly construed in favor of the state unless the intention of the legislature to do otherwise is clearly expressed in the statute." *Louisville Arena Auth., Inc.*, 415 S.W.3d at 680 (quoting *Jones v. Cross*, 260 S.W.3d 343, 345 (Ky. 2008)).

"Consequently, a waiver of sovereign immunity cannot be assumed by the courts." *Id.* (citation omitted).

Therefore, the issue before this Court is whether the relevant statute, KRS 411.100, contains "express language" or other "overwhelming implications" that "leave no room for any other reasonable construction" that the legislature waived Louisville Metro's sovereign immunity under such circumstances. *See Meinhart*, 627 S.W.3d at 831 (alterations in original) (citations omitted). The Shop claims that the statute does waive immunity for Louisville Metro because it is a "city." However, Louisville Metro claims it is not a "city" but instead a consolidated local government.

KRS 411.100, titled "Liability of city for property damaged by mob[,]" provides in relevant part that

> If, *within any city*, any church, convent, chapel, dwelling house, house used or designed for the transaction of lawful business, vessel or shipyard, railroad or property of any kind belonging to any street or other railroad company, or any article of personal property is damaged, or *if any property is taken away or damaged by any riotous or tumultuous assemblage of people, the full amount of the damage done may be recovered by the person injured by action against the city*, if the city authorities themselves, or with the aid of their own citizens, could have prevented the damage.

(Emphasis added.)

-5-

To determine what the legislature meant when it used "city" in KRS 411.100, our Supreme Court has explained that "[w]hen engaging in statutory interpretation, it is imperative that we give the words of the statute their literal meaning and effectuate the intent of the legislature." *Samons v. Ky. Farm Bureau Mut. Ins. Co.*, 399 S.W.3d 425, 429 (Ky. 2013) (citation omitted).

The parties focus on whether Louisville Metro constitutes a "city" under KRS 411.100. However, we turn to KRS 67C.101(2)(d), the statute that created Louisville Metro, a consolidated local government, which provides that

> A consolidated local government is neither a city government nor a county government as those forms of government exist on July 15, 2002, but *it is a separate classification of government* which possess the greater powers conferred upon, and is subject to the lesser restrictions applicable to, county government and cities of the first class under the Constitution and general laws of the Commonwealth of Kentucky.

(Emphasis added.)

While consolidated local governments retain powers and privileges of "cities of the first class[,]" they gain additional "powers and privileges as the government may be authorized to exercise under the Constitution and general laws of the Commonwealth of Kentucky." KRS 67C.101(2)(a)-(c). As our Supreme Court noted in *Meinhart*, above, KRS 67C.101(2)(e) provides that "a consolidated local government shall be accorded the same sovereign immunity granted counties, their agencies, officers, and employees." As such, the legislature has made it clear

-6-

that Louisville Metro is separate from a city. Likewise, our courts have repeatedly reaffirmed Louisville Metro's sovereign immunity. *See Meinhart*, 627 S.W.3d at 831; *A.H. v. Louisville Metro Gov't*, 612 S.W.3d 902, 909 (Ky. 2020).

The Shop asserts that despite such language in the statute and in our precedent, it is a "city" because some cases have described Louisville Metro as a "city of the first class" – *see Louisville/Jefferson County Metro Government Waste Management District v. Jefferson County League of Cities, Inc.*, 626 S.W.3d 623, 628 (Ky. 2021) – however, as the legislature explicitly dictated, Louisville Metro, although not a city, retained powers and privileges of "cities of the first class" while gaining additional powers and privileges. *See* KRS 67C.101(2)(a)-(c). Our Supreme Court's reference to such reality further emphasizes the legislature's directive. It does not negate the legislature's explicit language distinguishing consolidated local governments, like Louisville Metro, from cities.

As such, KRS 411.100 does not contain the express language required to establish that the legislature intended to waive sovereign immunity for consolidated local governments, like Louisville Metro. *See Louisville Arena Auth.*, 415 S.W.3d at 680 (citation omitted). Thus, the legislature's use of "city" in KRS 411.100 is not adequate, on its own, to exhibit the legislative intent necessary to waive a consolidated local government's – like Louisville Metro – sovereign

immunity.  *See Bryant v. Louisville Metro Hous. Auth.*, 568 S.W.3d 839, 850 (Ky. 2019).

## CONCLUSION

As the legislature explicitly dictated that consolidated local governments are not cities, KRS 411.100 – which applies to cities – does not clearly waive sovereign immunity for Louisville Metro.  As such, the Jefferson Circuit Court properly granted Louisville Metro's motion to dismiss, and its order is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Christopher D. Wiest
Covington, Kentucky

Robert Waters
Louisville, Kentucky

Thomas B. Bruns
Cincinnati, Ohio

BRIEF FOR APPELLEE:

Michael J. O'Connell
Jefferson County Attorney

Andrew Miller
Assistant Jefferson County Attorney
Louisville, Kentucky