RENDERED: DECEMBER 6, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1018-MR


BURL W. EVERMAN, IN HIS
INDIVIDUAL AND OFFICIAL
CAPACITIES AS A DEPUTY FOR
THE BATH COUNTY SHERIFF'S
DEPARTMENT; AND JESSE
STEWART, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES AS
SHERIFF OF BATH COUNTY,
KENTUCKY                                                                APPELLANTS


|       | APPEAL FROM BATH CIRCUIT COURT |
|-------|--------------------------------|
| v.    | HONORABLE DAVID A. BARBER, JUDGE |
|       | ACTION NO. 21-CI-90138         |


LESA G. ROBINSON                                                          APPELLEE


OPINION
AFFIRMING IN PART,
REVERSING IN PART, AND REMANDING

** ** ** ** **

BEFORE: COMBS, L. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Burl W. Everman, in his individual capacity and official

capacity as a deputy for the Bath County Sheriff's Department, and Jesse Stewart,

in his individual capacity and official capacity as Sheriff of Bath County, Kentucky, bring this appeal from an August 3, 2023, Order of the Bath Circuit Court denying Deputy Everman's and Sheriff Stewart's motion for summary judgment to dismiss the negligence action based upon qualified official immunity and sovereign immunity. We affirm in part, reverse in part, and remand.

BACKGROUND

Deputy Everman is a deputy with the Bath County Sheriff's Department, and Sheriff Stewart is the Bath County Sheriff. On October 26, 2019, Deputy Everman responded to a call concerning a motor vehicle accident on U.S. Highway 60 near Owingsville in Bath County. Upon arriving at the scene, Deputy Everman observed that the motor vehicle involved in the accident was on the embankment adjacent and parallel to the highway. This portion of U.S. Highway 60 had no shoulders. Deputy Everman activated his police vehicle's emergency lights and parked his vehicle in the westbound lane beside the motor vehicle involved in the accident, thereby leaving the eastbound lane open to traffic. Shortly thereafter, Lesa Robinson, who was driving her motor vehicle in the eastbound lane that was open to traffic, rounded a blind curve about fifty yards from the accident scene. Robinson applied her brakes and lost control of her motor vehicle. Robinson's vehicle struck Deputy Everman's vehicle, and as a result of the accident, Robinson suffered significant injuries.

-2-

Robinson filed a complaint in the Bath Circuit Court against Deputy Everman, in his individual capacity and in his official capacity as a deputy of the Bath County Sheriff Department, and against Sheriff Stewart, in his individual capacity and in his official capacity as Sheriff of Bath County. In the complaint, Robinson claimed, in relevant part:

### FACTS

9. On or about October 26, 2019, Plaintiff [Robinson] was operating her GMC Yukon, traveling eastbound on U.S. Highway 60 near Owingsville in Bath County, Kentucky.

10. At the time, the roadway was wet.

11. When Plaintiff [Robinson] rounded a curve in a particularly curvy section of roadway, she encountered Defendant Everman's vehicle parked in the travel lanes of the highway.

12. Unbeknownst to Plaintiff [Robinson], Defendant Everman had parked his official vehicle in the westbound travel lanes of U.S. 60 in violation of [Kentucky Revised Statutes] KRS § 189.450 which states, "No person shall stop a vehicle, leave it standing, or cause it to stop or to be left standing upon any portion of the roadway."

13. Defendant Everman's vehicle had emergency equipment activated, and was parked in such a way that its orientation on the roadway was not immediately apparent to other users of the highway, including Plaintiff [Robinson].

. . . .

## COUNT I
## NEGLIGENCE
## Defendant Everman

. . . .

17. Defendant Everman had a duty to exercise due regard for public safety in the operation of his emergency motor vehicle to avoid creating hazards to other users of the highway, including Plaintiff [Robinson].

18. Defendant Everman had a duty to obey all applicable traffic laws that do not have a specific exception for law enforcement officers, including KRS § 189.450's prohibition of stopping a motor vehicle on any portion of a roadway.

19. The operation of an emergency vehicle by Defendant Everman in his capacity as a Deputy Sheriff of Bath County is a routine duty, ministerial in nature, requiring that operation to be performed in adherence to standards of care established under state law.

20. Defendant Everman did not exercise due regard for public safety in the operation of his motor vehicle when he parked his emergency vehicle in the travel lanes of a U.S. Highway in violation of including KRS § 189.450, and further violated this duty by parking his emergency vehicle in such a manner as its position on the travel lanes of the roadway was not immediately evident to other users of the highway, including Plaintiff [Robinson].

21. Defendant Everman's operation of his emergency motor vehicle, as described herein, created a substantial and foreseeable risk that other users of the roadway, including Plaintiff [Robinson], would take evasive action in adverse weather conditions, that could result in a loss of control.

-4-

. . . .

<u>**COUNT III**</u>
**VICARIOUS LIABILITY**
**Sheriff Jesse Stewart**

. . . .

34. Defendant Everman was the agent of Defendant Stewart at the time of the collision.

35. At the time of the collision, Defendant Stewart exercised control over the instruments used by Defendant Everman, including the subject emergency, in his capacity as a Bath County Deputy Sheriff and in furtherance of his official activities.

36. At the time of the collision, Defendant Everman was acting within his official capacity as Deputy Sheriff of Bath County in furtherance of his official duties.

37. Thus, at the time of the collision, Defendant Stewart was vicariously liable for the tortious conduct of its agent, Defendant Everman, by operation of KRS § 70.040, and the resulting damages suffered by Plaintiff [Robinson].

October 14, 2021, Complaint at 2-6.

Deputy Everman and Sheriff Stewart filed an answer and alleged that the doctrines of sovereign immunity, governmental immunity, and qualified official immunity barred Robinson's negligence claims. Ultimately, Deputy Everman and Sheriff Stewart filed a motion for summary judgment. In the motion for summary judgment, Deputy Everman and Sheriff Stewart maintained:

Robinson alleges Deputy Everman parked his vehicle in violation of KRS 189.450 and in a manner that caused her to believe a collision was imminent when she came around a curve on U.S. 60 and saw emergency lights from his vehicle. However, Deputy Everman's vehicle was parked in accordance with KRS 189.940(4), and he is entitled to qualified official immunity because the manner and location in which he parked his vehicle was discretionary and done in good faith in the course of his employment. Sheriff Stewart also did not commit a negligent act or omission and cannot, as a matter of law, be held vicariously liable for Deputy Everman's alleged negligence. Accordingly, the Bath County Defendants are entitled to summary judgment and dismissal with prejudice of Robinson's claims against them.

February 10, 2023, Motion for summary judgment at 1-2 (citations omitted).

In her response, Robinson maintained that Deputy Everman was negligent for parking his motor vehicle in the roadway, which caused Robinson to brake and lose control of her motor vehicle. Robinson argued that the act of safely operating a police vehicle constituted a ministerial act; thus, Deputy Everman was not entitled to qualified official immunity. As for sovereign immunity, Robinson asserted that Sheriff Stewart and Deputy Everman in their respective official capacities were not entitled to sovereign immunity as the Kentucky General Assembly waived same by enactment of KRS 70.040.

On August 3, 2023, the circuit court denied Deputy Everman and Sheriff Stewart's motion for summary judgment. The court concluded that Deputy Everman's acts were ministerial and that neither Sheriff Stewart nor Deputy

Everman was protected by sovereign immunity. The court also believed that material issues of fact existed as to whether Deputy Everman was negligent. This interlocutory appeal follows.

STANDARD OF REVIEW

To begin, summary judgment is proper where there exists no genuine issue of material fact and movant is entitled to judgment as a matter of law. Kentucky Rules of Civil Procedure (CR) 56.03; *Ashland Hosp. Corp. v. Darwin Select Ins. Co.*, 664 S.W.3d 509, 515-16 (Ky. 2022). Because we give no deference to the trial court's assessment of the record or its conclusions, our review is *de novo*. *Id.* Likewise, any questions of law are also reviewed *de novo*. *Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as modified on denial of reh'g* (Ky. 2011).

ANALYSIS

Sheriff Stewart and Deputy Everman contend that the circuit court erroneously denied their motion for summary judgment based upon qualified official immunity and sovereign immunity. As to qualified official immunity, Deputy Everman asserts that the act of parking his police vehicle at the accident scene constituted a discretionary act, which is protected by qualified official immunity. Deputy Everman points out that he parked his police vehicle in the westbound lane with the emergency lights illuminated and that the eastbound lane

-7-

was open for traffic. Deputy Everman maintains that no regulation or statute imposes a duty upon him as to the parking of his police vehicle at an accident scene when his vehicle's emergency lights are illuminated; rather, Deputy Everman had to assess the accident scene and use his judgment.[1] Deputy Everman also cites to the recent Opinion of the Court of Appeals in *Sholar v. Turner*, 664 S.W.3d 719 (Ky. App. 2023).[2] Deputy Everman believes that *Sholar*, 664 S.W.3d 719 is dispositive. According to Deputy Everman, the *Sholar* Court viewed a police officer's decision of where to park a police vehicle upon responding to a motor vehicle accident as discretionary. *Id.*

In Kentucky, a public official sued in his individual capacity may be entitled to the shield of qualified official immunity. Generally, a public official is entitled to qualified official immunity when performing a discretionary act as opposed to a ministerial act. *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). Thus, the differentiation between a discretionary act and ministerial act is

---

[1] While Kentucky Revised Statutes (KRS) 189.450 prohibits the stopping or parking of a vehicle on a roadway, KRS 189.940 exempts application of KRS 189.450 to emergency vehicles with their emergency lights activated.

[2] Lesa G. Robinson contends that *Sholar v. Turner*, 664 S.W.3d 719 (Ky. App. 2023) was not brought to the attention of the circuit court. As a result, Robinson argues that Deputy Burl W. Everman may not rely on *Sholar*, 664 S.W.3d 719 for the first time on appeal. Robinson supports this argument by pointing out that issues or arguments must first be presented to the circuit court before presented on appeal. While issues and arguments may generally not be raised for the first time on appeal, the citation to case law is not similarly treated as the Court is duty bound to be cognizant of and to apply the proper law to dispose of the issues presented on appeal (entitlement to qualified official immunity). *Cmty. Fin. Servs. v. Stamper*, 586 S.W.3d 737, 740-41 (Ky. 2019).

paramount. *Haney v. Monsky*, 311 S.W.3d 235, 240 (Ky. 2010). A ministerial act is "one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Yanero*, 65 S.W.3d at 522. As for a discretionary act, it is one "involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment[.]" *Id.* Moreover, the discretionary act must be performed in good faith and within the public official's authority. *Id.* Some acts may have features of both a discretionary act and a ministerial act; however, in such cases, the dominant nature of the act controls. *Haney*, 311 S.W.3d at 240. Therefore, to be entitled to qualified official immunity, the public official must have performed a discretionary act, in good faith, and within the official's authority.

This Court was previously faced with the issue of whether the parking of a police vehicle at an accident scene constituted a discretionary act or a ministerial act. In *Sholar*, 664 S.W.3d 719, two officers, with the Louisville Metro Police Department, responded to a motor vehicle accident in the eastbound lane of I-64. *Id.* at 721. The officers parked their police vehicles beside a concrete barrier between the eastbound lane and westbound lane of I-64 and close to the accident scene. *Id.* Shortly thereafter, appellee rear-ended one of the police vehicles and suffered injuries as a result of the accident. Appellee filed an action against the

officers, in their official capacities and individual capacities, for negligently parking their police vehicles, thereby causing the accident. Both officers filed a motion for summary judgment seeking dismissal of the negligence action against them in their individual capacities based upon the doctrine of qualified official immunity. The circuit court denied the motion for summary judgment. In reversing and remanding for dismissal of the action against the officers in their individual capacities, the Court of Appeals initially noted that "[w]hile general operation of a vehicle is ministerial [per *Jones v. Lathram*, 150 S.W.3d 50 (Ky. 2004)], *Meinhart* [*v. Louisville Metro Government,* 627 S.W.3d 824 (Ky. 2021)] makes it clear decisions in emergencies, such as high-speed pursuits, cross the line into discretion." *Sholar*, 664 S.W.3d at 724. In determining that the act of parking a police vehicle at the accident scene was discretionary, the Court of Appeals explained:

> Turner [Appellee] claims the Officers' actions were in violation of KRS 189.450 (prohibiting the leaving of vehicles on roadway or shoulders). The Officers counter they have an exemption from such traffic violations provided by KRS 189.940. Whether argued as negligence *per se* for violation of a statute or general negligence for failure to exercise ordinary care, the existence of a negligence claim is not the issue on this appeal. We would not be able to determine the negligence claim here on summary judgment. We need not decide this issue. The issue is whether qualified official immunity applies to bar a negligence claim if one could be established.

. . . .

The decision about exercise of discretion requires consideration of what the Officers knew at the time, not what hindsight would show. *Meinhart*, 627 S.W.3d at 835. The apparent fact the accident to which the Officers responded thankfully did not lead to serious injuries does not change the nature of any discretion exercised at the time of the reports. For example, the Officers could not know the report of blood was oil on the highway because of the impact until they saw it for themselves. The Officers could not be sure of the seriousness of the situation and the need for their help until they got there.

When they got there, the Officers moved their vehicle to be as close to the concrete barrier as they could. They turned their emergency lights on, which would have been visible as vehicles approached them. Turner says she did not see them. But this does not alter the fact they were on. In the context of summary judgment, we are not required to ignore indisputable video evidence (here four separate videos) of such a fact. *See Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 759 (E.D. Ky. 2019).

The Officers had two options: to drive farther down to another exit, turn around and respond on eastbound I-64 where the accident was located, or respond immediately by parking on westbound I-64. Both options were valid options, and there was no legal or procedural restriction on either choice. The Officers explained the exercise of their discretion. They drove to the location as they did and parked as they parked to get to the scene promptly to be able to render aid as needed and address traffic flow to avoid further collisions to the extent possible.

In determining the Officers' actions were discretionary, we have a prior decision of this Court which, although not published, provides specific

-11-

> guidance, because the facts have substantial similarity.
> *Estate of Brown ex rel. Brown v. Preston*, No. 2009-CA-002362-MR, 2010 WL 5018558 (Ky. App. Dec. 10, 2010). In *Preston*, an officer responded to a single vehicle accident scene. The officer parked his vehicle on the shoulder of the road behind an ambulance which had parked behind the vehicle involved in the accident. The officer had his emergency lights activated. Within minutes another vehicle came upon the scene striking and killing two people. We held the actions taken to secure the accident scene, which included the location of the cruiser, were discretionary.

*Id.* at 722-25 (footnotes omitted).

As in *Sholar*, 664 S.W.3d 719, we, likewise, conclude that Deputy Everman's decision concerning where to park his police vehicle at the accident scene constituted a discretionary act. It is undisputed that Deputy Everman was called to an accident involving a single motor vehicle. When he arrived, Deputy Everman discovered that the motor vehicle was off the roadway and resting in an embankment parallel to the roadway. The road was a two-lane roadway without shoulders. Deputy Everman's decision to park his police vehicle beside the motor vehicle involved in the accident left the eastbound lane of the roadway open for traffic. Deputy Everman illuminated the emergency lights on his police vehicle and called for a tow truck. About fifteen minutes later, Robinson, who was traveling in the eastbound lane that was open to traffic, rounded a blind curve about fifty yards from the accident scene, applied her brakes, and lost control of her vehicle. Similar to the officers' decisions in *Sholar*, 664 S.W.3d 719, Deputy

-12-

Everman had to exercise his professional expertise and judgment to decide where to park his police vehicle while working the scene of the accident. As there is no material issue of fact as to Deputy Everman's good faith, we are of the opinion that Deputy Everman in his individual capacity is entitled to qualified official immunity. Thus, the circuit court erred by rendering summary judgment concluding otherwise.

Deputy Everman and Sheriff Stewart also argue on appeal that the circuit court erred by determining that they, in their respective official capacities, were not entitled to sovereign immunity. For the following reasons, we disagree.

In Kentucky, the office of sheriff is a constitutional office and is elected from each county. Kentucky Constitution §§ 99-100; *Shipp v. Rodes*, 245 S.W. 157 (Ky. 1922). The sheriff is recognized as the chief law enforcement officer of the county. *Shipp*, 245 S.W. 157. The office of the sheriff receives most of its funding from the county and its residents. *See* KRS 64.121; KRS 70.036. Accordingly, a sheriff is a county official and absent a waiver thereof is cloaked with sovereign immunity when sued in his official capacity. *See Com. Bd. of Claims v. Harris*, 59 S.W.3d 896 (Ky. 2001) (holding that a jailer sued in his official capacity is cloaked with the county's sovereign immunity). Hence, a sheriff is entitled to sovereign immunity when sued in his official capacity.

It is well established that KRS 70.040 operates as a legislative waiver of the sovereign immunity historically enjoyed by the office of sheriff for the acts and omissions of his or her deputies. *Jones v. Cross*, 260 S.W.3d 343, 346 (Ky. 2008). KRS 70.040 reads:

> The sheriff shall be liable for the acts or omissions of his deputies; except that, the office of sheriff, and not the individual holder thereof, shall be liable under this section. When a deputy sheriff omits to act or acts in such a way as to render his principal responsible, and the latter discharges such responsibility, the deputy shall be liable to the principal for all damages and costs which are caused by the deputy's act or omission.

KRS 70.040 has been interpreted as imposing "liability on the sheriff in his official capacity for acts committed by his deputies." *Jones*, 260 S.W.3d at 346. Hence, KRS 70.040 constitutes a legislative waiver of the sovereign immunity traditionally enjoyed by a sheriff at common law. *Id.* As a result, the office of sheriff, and not the sheriff individually, is liable for the acts or omissions of his deputies per KRS 70.040.[3]

In this case, Sheriff Stewart, in his official capacity, is not shielded by sovereign immunity for claims arising from the alleged wrongful acts of Deputy Everman pursuant to KRS 70.040. Under KRS 70.040, the General Assembly has

---

[3] Our interpretation of *Jones v. Cross*, 260 S.W.3d 343 (Ky. 2008) in conjunction with the plain language of KRS 70.040 requires us to conclude that a sheriff acting in his official capacity constitutes the office of sheriff and not the sheriff individually.

-14-

clearly waived the sovereign immunity traditionally enjoyed by a county sheriff in regard to acts of his deputy. *See Jones*, 260 S.W.3d at 346. However, KRS 70.040 does not waive sovereign immunity as to acts of the sheriff individually. KRS 70.040 is clear that the office of sheriff is only liable for acts of his deputies. Therefore, Sheriff Stewart, in his official capacity, is still shielded from liability for his own intentional or unintentional torts as KRS 70.040 does not operate as a waiver thereof and no other authority is cited to support such a waiver. *See Jones*, 260 S.W.3d at 345-46. Hence, Sheriff Stewart, in his official capacity, is shielded from liability by the doctrine of sovereign immunity for his own acts but the office of sheriff is not shielded from liability for the acts of Deputy Everman.

We now turn to Deputy Everman's argument for immunity in his official capacity. A deputy sheriff, unlike the sheriff, is not a constitutional officer named and designated in the Constitution. However, the deputy sheriff is an employee of the sheriff and acts in an official capacity for that office. KRS 70.030. An action against an official in his official capacity is in reality an action against the pertinent governmental entity, and an official sued in his official capacity is shielded by the same immunity enjoyed by such governmental entity. *Yanero*, 65 S.W.3d at 518. Accordingly, we believe, Deputy Everman would be entitled to the same immunity possessed by Sheriff Stewart in his official capacity while performing duties as deputy sheriff. As hereinbefore discussed, Sheriff

-15-

Stewart, in his official capacity, was protected by sovereign immunity at common law; however, such sovereign immunity was waived by the General Assembly by enactment of KRS 70.040 as concerns actions of a sheriff's deputy. The plain language of this statute clearly contemplates that deputies shall be liable for damages to the office of sheriff incurred as a result of the waiver of immunity against the sheriff based upon the deputies' acts or omissions. Accordingly, the only logical interpretation of the statute is to hold that the statute waives immunity for deputies also while acting in their official capacity. Thus, Deputy Everman, in his official capacity as a deputy sheriff, is not entitled to the protection of sovereign immunity. However, given that we have concluded that Deputy Everman is entitled to qualified official immunity, in his personal capacity, any liability in his official capacity is moot.[4]

However, this immunity does not exonerate Deputy Everman under KRS 70.040 should Sheriff Stewart's office be found liable for damages as a result of the deputy's actions in this case. Therein, Deputy Everman would still be liable to Sheriff Stewart's office for any damages or costs attributable to Deputy Everman's acts or omissions. We must emphasize that the concept of immunity in this case means "immunity from suit," and nothing more. *Grayson Cnty. Bd. of*

---

[4] Any liability of Deputy Everman in his official capacity would be through the office of sheriff under KRS 70.040. We have previously held that the office of sheriff is not protected from liability for the actions of its deputies under the statute.

*Educ. v. Casey*, 157 S.W.3d 201, 207 (Ky. 2005). In other words, whether Deputy Everman's acts or omissions were negligent in this case and the cause of Robinson's injuries is a factual matter for the jury to decide, whereupon any damages would be assessed against the office of sheriff only.

On remand, Deputy Everman shall be dismissed as a party and the case may proceed against the office of the sheriff only as provided for in KRS 70.040.[5] Sheriff Stewart has sovereign immunity against any claims in his personal capacity and shall not be held personally liable for any claims asserted in this case.

For the foregoing reasons, the Order of the Bath Circuit Court is affirmed in part, reversed in part, and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

D. Barry Stilz
Lynn Sowards Zellen
Lexington, Kentucky

BRIEF FOR APPELLEE:

Laraclay Parker
Cody P. McIlvoy
Lexington, Kentucky

---

[5] Nothing in this Opinion shall preclude the sheriff's office from bringing a third-party complaint or separate action against Deputy Everman pursuant to KRS 70.040.